The Honorable Kymberly K. Evanson

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMON RIVIERA; CURTIS BANTA; YONKMAN CONSTRUCTION, INC.; PARAS HOMES, LLC; CONDRON HOMES, LLC; GARCO CONSTRUCTION, INC.; ARLINGTON 360, LLC; HUSEBY HOMES, LLC; SPOKANE HOME BUILDERS ASSOCIATION; WASHINGTON STATE ASSOCIATION OF UA PLUMBERS, PIPEFITTERS AND HVAC/R SERVICE TECHNICIANS; WASHINGTON AND NORTHERN IDAHO DISTRICT COUNCIL OF LABORERS; CITIZEN ACTION DEFENSE FUND; NATIONAL PROPANE GAS ASSOCIATION; AVISTA CORPORATION; CASCADE NATURAL GAS CORPORATION; and NORTHWEST NATURAL GAS COMPANY, | Case No. 2:24-cv-00677-KKE <br><br> CLIMATE SOLUTIONS, THE LANDS COUNCIL, SIERRA CLUB, AND WASHINGTON PHYSICIANS FOR SOCIAL RESPONSIBILITY'S MOTION TO INTERVENE <br><br><br> Noted for Consideration: July 18, 2024 |
| Plaintiffs, | |
| v. | |
| KJELL ANDERSON, JAY ARNOLD, TODD BEYREUTHER, JUSTIN BOURGAULT, DAIMON DOYLE, TOM HANDY, ANGELA HAUPT, ROGER HEERINGA, MATTHEW HEPNER, CRAIG HOLT, TYE MENSER, BENJAMIN OMURA, PETER RIEKE, KATY SHEEHAN, in their official capacities as Washington State Building Code Council | |

CLIMATE SOLUTIONS, THE LANDS COUNCIL, SIERRA CLUB, AND WASHINGTON PHYSICIANS FOR SOCIAL RESPONSIBILITY'S MOTION TO INTERVENE
CASE NO. 2:24-CV-00677-KKE             - 1 -

*Earthjustice*
810 Third Ave., Suite 610
Seattle, WA 98104
(206) 343-7340

Members; and BOB FERGUSON, in his official capacity as Attorney General of Washington,

Defendants.

## INTRODUCTION

The Washington legislature directed the State Building Code Council ("the Council" or "SBCC") to implement progressively stricter building codes with the goal of eliminating fossil-fuel emissions from buildings by the year 2031.  Pursuant to that mandate, the Council recently updated the residential and commercial state energy codes to promote the use of high-efficiency electric heat pumps for space heating and water heating.  For the second time in as many years—but this time in a new forum—Plaintiffs challenge the Council's Code amendments, arguing that they violate or are preempted by the Federal Energy Policy and Conservation Act ("EPCA").

As they did in Plaintiffs' first suit, Climate Solutions, The Lands Council, Sierra Club, and Washington Physicians for Social Responsibility ("Proposed Intervenors") move to intervene as defendants pursuant to Federal Rule of Civil Procedure 24 to defend the code amendments from this baseless legal attack.  Intervention as of right should be granted because Proposed Intervenors meet all the criteria under Rule 24(a).  In the alternative, this Court should grant permissive intervention under Rule 24(b).

Defendant SBCC supports this motion.  Plaintiffs take no position on the relief requested in this motion.

## BACKGROUND

I. CONTEXT FOR ENERGY CODE UPDATES

Washington faces serious disruption from a changing climate, including an increase in air pollution and related morbidity and mortality; declining water supply; increasing devastation from wildfires; the loss of coastal lands due to sea level rise; an increase in ocean temperature

CLIMATE SOLUTIONS, THE LANDS COUNCIL, SIERRA CLUB, AND WASHINGTON PHYSICIANS FOR SOCIAL RESPONSIBILITY'S MOTION TO INTERVENE
CASE NO.  2:24-CV-00677-KKE          - 2 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

and acidity; increased harm to fish because of warmer water temperatures and altered flow regimes; and damaged and failed field crops and fruit harvests because of higher temperatures and less water for irrigation.[1] To ensure that Washington does its part to address the climate crisis, the legislature set a target of reducing Washington's overall emissions of greenhouse gases ("GHGs") to 45 percent below 1990 levels by 2030, 70 percent by 2040, and 95 percent by 2050. RCW 70A.45.020(1)(a).

The legislature has further directed the SBCC to design a state energy code to "help achieve the broader goal of building zero fossil-fuel [GHG] emission homes and buildings by the year 2031." RCW 19.27A.020(2)(a); RCW 19.27A.160. Every energy code update must incrementally progress toward a 70 percent reduction in annual net energy consumption from 2006 levels. RCW 19.27A.160. SBCC's 2018 report to the legislature noted a shortfall in emissions reductions and the need for greater efforts.[2] So for 2021, the SBCC prioritized energy code provisions that would make "significant" progress towards the 2031 goal.[3] The SBCC started off by adopting a set of code provisions that, with certain exceptions, required the installation of heat pumps for space heating and water heating in many new residential and commercial buildings.[4] Soon afterwards, the U.S. Court of Appeals for the Ninth Circuit issued an opinion striking down an ordinance in Berkeley that banned gas piping into new buildings,

---

[1] Wash. Dep't of Ecology, *Concise Explanatory Statement, Clean Air Rule* (Sept. 2016) at 3, https://tinyurl.com/mpehwbmf.

[2] SBCC, *2018 Washington State Energy Code Progress Toward 2030* (Nov. 25, 2020), https://tinyurl.com/4u3wynbn.

[3] SBCC, *2021 Washington State Energy Code Progress Toward 2030* (Mar. 2023) at 3–4, https://tinyurl.com/4w53ety7 (Table 1 listing C403.1.4 and C404.2.1); *id.* at 6 (Table 2 listing R403.13 and R403.5.7).

[4] Wash. St. Reg. 23-02-060 (Jan. 3, 2023) (adding WAC 51-11R-40392 and amending WAC 51-11R-40340); Wash. St. Reg. 22-14-091 (July 1, 2022) (adding WAC 51-11C-40314, and amending WAC 51-11C-40402).

CLIMATE SOLUTIONS, THE LANDS COUNCIL, SIERRA CLUB, AND WASHINGTON PHYSICIANS FOR SOCIAL RESPONSIBILITY'S MOTION TO INTERVENE
CASE NO. 2:24-CV-00677-KKE                - 3 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

finding that the ordinance was preempted by EPCA. *Cal. Rest. Ass'n v. City of Berkeley*, 65 F.4th 1045 (9th Cir. 2023), *modified on reh'g*, 89 F.4th 1094 (9th Cir. 2024). The SBCC decided to revisit its recently enacted code amendments in the wake of this decision.[5] It amended the code again to take an even more flexible approach, offering different pathways for builders to meet updated building performance standards without requiring, or banning, any particular appliances. *See, e.g.*, WAC 51-11C-40100. Proposed intervenors engaged in the administrative process to provide technical expertise and support the Council's adoption of updated standards.

Throughout this process, construction interests and natural gas utilities have opposed the adoption of updated codes and challenged the SBCC's efforts in court. One set of plaintiffs sued the SBCC in Thurston County Superior Court alleging violations of state law. *See Nw. Regional Council of the Nat'l Constr. Alliance v. Wash. State Bldg. Code Council*, Case No. 23-2-00615-34 (Wash. Sup. Ct., Thurston Cty.). And the Plaintiffs in this case filed their own suit in the Eastern District of Washington, challenging the SBCC's code amendments as in conflict with the *Berkeley* decision even while the SBCC was in the process of revising them. After the Court denied their motion for a preliminary injunction, the Plaintiffs voluntarily dismissed their claims. *See Rivera v. Wash. State Bldg. Code Council*, No. 1:23-cv-03070-SAB (E.D. Wash. July 19, 2023) (ECF Nos. 73, 75). Evidently hoping for a different result, they have renewed their challenge here in the Western District.

II.     PROPOSED INTERVENORS

Proposed Intervenors are deeply involved in building efficiency and electrification issues. Climate Solutions is a Northwest-based non-profit seeking to accelerate clean energy solutions to

---

[5] *See* Wash. St. Reg. 24-03-084 (Nov. 28, 2023); Wash. St. Reg. 24-03-085 (Nov. 28, 2023)

CLIMATE SOLUTIONS, THE LANDS COUNCIL, SIERRA CLUB, AND WASHINGTON PHYSICIANS FOR SOCIAL RESPONSIBILITY'S MOTION TO INTERVENE
CASE NO.  2:24-CV-00677-KKE            - 4 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

the climate crisis.  Missik Decl. ¶ 2.  Making buildings carbon-free and energy efficient is a program focus because it will significantly reduce climate pollution, cut energy costs, and improve air quality.  *Id*. ¶ 4.  The Lands Council is a Spokane-based 501(c)(3) advocating for cost-effective pathways to zero carbon energy and building electrification.  Sherazi Decl. ¶¶ 2–4.  Sierra Club is a national grassroots environmental organization with a strategic objective focusing on a clean and just energy transition, including the reduction of GHG emissions from fossil fuels used in buildings.  Plummer Decl. ¶¶ 2–3.  And Washington Physicians for Social Responsibility is a public health advocacy organization led by health professionals that works to mitigate climate change by supporting building electrification in Washington.  Vossler Decl., ¶¶ 2–3, 5.

As described in the attached Declarations, each Proposed Intervenor actively advocated before the SBCC in support of one or more of the challenged energy code updates.  *See* Missik Decl. ¶ 6; Sherazi Decl. ¶ 4; Plummer Decl. ¶ 5; Vossler Decl. ¶ 5.  Indeed, the same organizations were granted intervention in both prior cases challenging SBCC's 2021 building and energy code updates.  *See* Ex Parte Order Granting Motion to Intervene, *Nw. Reg'l Constr. All. v. Wash. State Bldg. Code Council*, No. 23-2-00615-34 (Wash. Sup. Ct., Thurston Cty., April 27, 2023); Order Granting Motions, Dkt. 34, *Rivera v. Wash. State Bldg. Code Council*, No. 1:23-cv-03070-SAB (E.D. Wash. June 12, 2023).

## ARGUMENT

I.  PROPOSED INTERVENORS ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT.

In considering a motion for intervention as a matter of right under Federal Rule of Civil Procedure 24(a)(2), the Ninth Circuit evaluates whether (1) the application is timely; (2) the applicant has a "significantly protectable" interest relating to the transaction that is the subject of

CLIMATE SOLUTIONS, THE LANDS COUNCIL, SIERRA CLUB, AND WASHINGTON PHYSICIANS FOR SOCIAL RESPONSIBILITY'S MOTION TO INTERVENE
CASE NO.  2:24-CV-00677-KKE         - 5 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

the litigation; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is inadequately represented by the parties before the court. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817–18 (9th Cir. 2001). Notably, the rule is liberally construed to favor intervention. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Allowing interested persons to participate serves "both efficient resolution of issues and broadened access to the courts" and can prevent future related litigation. *Forest Conserv. Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1496, n.8 (9th Cir. 1995). Proposed Intervenors meet the four relevant criteria.

      A.    <u>Proposed Intervenors' Motion for Intervention is Timely</u>.

To determine whether a motion to intervene is timely, courts consider the stage of the proceedings, potential for prejudice to other parties, and the reason for any delay in moving to intervene. *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). Proposed Intervenors have sought intervention only six weeks after the Plaintiffs' claim was filed, before defendants have filed a response, and before any proceedings have taken place. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996). Moreover, no substantive rulings have been made, indicating that no existing party would suffer prejudice from granting intervention. *Id*. This motion is timely.

      B.    <u>Proposed Intervenors Have Protectable Interests in This Action</u>.

Rule 24(a)(2) requires the applicant for intervention to have an interest in the subject of the action. This requirement is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980). A movant must show that the

CLIMATE SOLUTIONS, THE LANDS COUNCIL, SIERRA CLUB, AND WASHINGTON PHYSICIANS FOR SOCIAL RESPONSIBILITY'S MOTION TO INTERVENE
CASE NO. 2:24-CV-00677-KKE    - 6 -

*Earthjustice*
810 Third Ave., Suite 610
Seattle, WA 98104
(206) 343-7340

1   interest asserted is protectable under some law and that there is a relationship between that
2   interest and the claims at issue. *Sierra Club v. Envt'l Prot. Agency*, 995 F.2d 1478, 1481 (9th
3   Cir. 1993).

4   Proposed Intervenors have substantial interests in the subject of this action. First,
5   Proposed Intervenors work to address climate change impacts and advocate for policies to reduce
6   GHG emissions by decarbonizing buildings. *See* Missik Decl. ¶¶ 2–7; Sherazi Decl. ¶¶ 2–4;
7   Plummer Decl. ¶¶ 2–5; Vossler Decl. ¶¶ 2–5. Second, all Proposed Intervenors were actively
8   engaged in the rulemaking process for the building and energy code updates, including by
9   advising SBCC and its staff and submitting multiple rounds of comments and testimony on the
10  updates. *See* Missik Decl. ¶ 6; Sherazi Decl. ¶ 4; Plummer Decl. ¶ 5; Vossler Decl. ¶ 5. It is
11  well accepted that such interests are sufficient for purposes of intervention as a matter of right.
12  *See, e.g.*, *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983); *Idaho Farm*
13  *Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1398 (9th Cir. 1995).

14  C.   <u>Proposed Intervenors' Interests May Be Impaired as a Result of This Litigation</u>.

15  A proposed intervenor must show that the disposition of an action "*may*, as a practical
16  matter," impede its ability to protect its interests. Fed. R. Civ. P. 24(a)(2) (emphasis added).
17  This burden is minimal; an applicant need only show that impairment of their legal interest is
18  possible if intervention is denied. *United States v. City of Los Angeles*, 288 F.3d 391, 401 (9th
19  Cir. 2002). Moreover, the court's analysis of this factor "is not limited to consequences of a
20  strictly legal nature." *Forest Conservation Council*, 66 F.3d at 1497–98.

21  Proposed Intervenors meet this requirement too because of their significant interest and
22  investment in developing effective, low-cost, and equitable GHG standards. Plaintiffs attack the
23  SBCC's ability to amend the energy code in ways needed to meet Washington's climate

CLIMATE SOLUTIONS, THE LANDS COUNCIL,
SIERRA CLUB, AND WASHINGTON PHYSICIANS
FOR SOCIAL RESPONSIBILITY'S MOTION TO INTERVENE
CASE NO. 2:24-CV-00677-KKE          - 7 -

*Earthjustice*
810 Third Ave., Suite 610
Seattle, WA 98104
(206) 343-7340

objectives, and even seek to permanently enjoin code implementation. Should Plaintiffs succeed in enjoining or overturning the code updates, the Proposed Intervenors' interests in advancing strong climate and public health protections in Washington would suffer. Missik Decl. ¶¶ 7, 9; Sherazi Decl. ¶¶ 2–4; Plummer Decl. ¶¶ 3–6; Vossler Decl. ¶¶ 2–5.

### D. Proposed Intervenors' Interests Are Not Adequately Represented.

The final requirement for intervention as of right is a "minimal" showing that the existing parties to the litigation "may" not adequately represent the Proposed Intervenors' interests. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *Sagebrush Rebellion*, 713 F.2d at 528. To make this determination, courts consider whether: (1) an existing party will *undoubtedly* make all the intervenor's arguments; (2) the party is capable of and willing to make such arguments; and (3) the intervenor would offer any necessary element to the proceedings that would be neglected. *Fresno County*, 622 F.2d at 438–39.

No existing party adequately represents Proposed Intervenors' interests. Plaintiffs of course hold directly adverse interests. As government officials, the SBCC members and the Attorney General must balance many competing interests in determining their policy and litigation positions, including interests adverse to Proposed Intervenors.[6] And when it comes to Plaintiffs' request for injunctive relief, Proposed Intervenors likely have a different perspective on the balance of equities than the government. *See* Missik Decl. ¶¶ 8–9; Sherazi Decl. ¶ 5; Plummer Decl. ¶¶ 7–8; Vossler Decl. ¶¶ 6–7. In the Eastern District of Washington litigation,

---

[6] *See Trbovich*, 404 U.S. at 538–39 (union member's interests not adequately represented because government duties to serve union *and* public interest may not dictate same approach); *Sw. Ctr. for Biological Diversity*, 268 F.3d at 823 (presumption of adequacy overcome where government and private sector interests may diverge); *Californians For Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1190 (9th Cir. 1998) (interests of union "potentially more narrow" than interests of general public, thus inadequately represented by state agencies).

CLIMATE SOLUTIONS, THE LANDS COUNCIL,
SIERRA CLUB, AND WASHINGTON PHYSICIANS
FOR SOCIAL RESPONSIBILITY'S MOTION TO INTERVENE
CASE NO. 2:24-CV-00677-KKE         - 8 -

*Earthjustice*
810 Third Ave., Suite 610
Seattle, WA 98104
(206) 343-7340

1 proposed intervenors made significantly different arguments than those advanced by the Council.

2 Because there is a chance that the SBCC members and the Attorney General will not

3 "undoubtedly make all" of Proposed Intervenors' arguments, the defendants do not adequately

4 represent Proposed Intervenors' interests for purposes of intervention.

5 II.     ALTERNATIVELY, PROPOSED INTERVENORS SATISFY THE STANDARDS FOR PERMISSIVE INTERVENTION.

Alternatively, this Court should grant permissive intervention because Proposed Intervenors have "a claim or defense that shares with the main action a common question of law or fact" and the intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. Proc. 24(b)(1), (3).  Proposed Intervenors' defenses are factually and legally related to the main action.  They seek to defend Washington's energy codes and prevent their enjoinment.  While Proposed Intervenors may advance arguments that differ from the government defendants', their defenses are unquestionably related.  And intervention will not prejudice any of the existing parties or delay the proceedings.  Moreover, Proposed Intervenors "will significantly contribute . . .to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977). Proposed Intervenors' specialized knowledge of climate policy and law at both state and federal levels and experience engaging in the rulemaking process for the energy code updates will aid the resolution of this litigation. *See Sagebrush Rebellion*, 713 F.2d at 528 (noting specialized expertise and differing perspective of environmental nonprofit seeking intervention).

## CONCLUSION

For the reasons set forth above, Proposed Intervenors respectfully request that this Court grant their motion to intervene as of right, or, in the alternative, for permissive intervention.

CLIMATE SOLUTIONS, THE LANDS COUNCIL, SIERRA CLUB, AND WASHINGTON PHYSICIANS FOR SOCIAL RESPONSIBILITY'S MOTION TO INTERVENE
CASE NO.  2:24-CV-00677-KKE                   - 9 -

*Earthjustice*
810 Third Ave., Suite 610
Seattle, WA  98104
(206) 343-7340

| | |
|---|---|
| 1  DATED:  June 27, 2024. | Respectfully submitted, |

/s/ Jan E. Hasselman
JAN E. HASSELMAN, WSBA No. 29107
NOELIA GRAVOTTA, WSBA No. 60089
Earthjustice
810 Third Avenue, Suite 610
Seattle, WA 98104-1711
(206) 343-7340 | Phone
(206) 343-1526 | Fax
jhasselman@earthjustice.org
ngravotta@earthjustice.org

*Attorneys for Proposed Intervenors Climate Solutions, The Lands Council, Sierra Club, and Washington Physicians for Social Responsibility*

---

CLIMATE SOLUTIONS, THE LANDS COUNCIL, SIERRA CLUB, AND WASHINGTON PHYSICIANS FOR SOCIAL RESPONSIBILITY'S MOTION TO INTERVENE
CASE NO.  2:24-CV-00677-KKE           - 10 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*