1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

JAMON RIVIERA; CURTIS BANTA;
YONKMAN CONSTRUCTION, INC.; PARAS
HOMES, LLC; CONDRON HOMES, LLC;
GARCO CONSTRUCTION, INC.;
ARLINGTON 360, LLC; HUSEBY HOMES,
LLC; SPOKANE HOME BUILDERS
ASSOCIATION; WASHINGTON STATE
ASSOCIATION OF UA PLUMBERS,
PIPEFITTERS AND HVAC/R SERVICE
TECHNICIANS; WASHINGTON AND
NORTHERN IDAHO DISTRICT COUNCIL
OF LABORERS; CITIZEN ACTION
DEFENSE FUND; NATIONAL PROPANE
GAS ASSOCIATION; AVISTA
CORPORATION; CASCADE NATURAL
GAS CORPORATION; and NORTHWEST
NATURAL GAS COMPANY,

                    Plaintiffs,

v.

KJELL ANDERSON, JAY ARNOLD, TODD
BEYREUTHER, JUSTIN BOURGAULT,
DAIMON DOYLE, TOM HANDY, ANGELA
HAUPT, ROGER HEERINGA, MATTHEW
HEPNER, CRAIG HOLT, TYE MENSER,
BENJAMIN OMURA, PETER RIEKE, KATY
SHEEHAN, in their official capacities as
Washington State Building Code Council

Case No.  2:24-cv-00677-KKE

INTERVENORS' ANSWER IN
INTERVENTION

INTERVENORS' ANSWER IN INTERVENTION
CASE NO.  2:24-CV-00677-KKE          - 1 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA 98104*
*(206) 343-7340*

1   Members; and BOB FERGUSON, in his official
2   capacity as Attorney General of Washington,

            Defendants.

3

4         Proposed Defendant-Intervenors Climate Solutions, The Lands Council, Sierra Club, and

5   Washington Physicians for Social Responsibility hereby respectfully submit this Answer to the

6   Complaint in this case filed May 15, 2024.  The numbered paragraphs below correspond to the

7   numbered paragraphs in the complaint.  Intervenors deny each and every allegation in the

8   Complaint, including allegations contained in headings and subheadings, that is not specifically

9   admitted in this answer.

                                    INTRODUCTION

10

11        1.      This paragraph characterizes the relief Plaintiffs seek, to which no response is

12  required.  To the extent a response is required, Intervenors deny that Plaintiffs are entitled to any

13  relief at all.

14        2.      The allegations in this paragraph are legal arguments that require no response.

15        3.      Denied.

16        4.      Denied.

                                     JURISDICTION

17

18        5.      The allegations in this paragraph are legal arguments that require no response.

19        6.      The allegations in this paragraph are legal arguments that require no response.

20        7.      As to the assertion of jurisdiction in this paragraph, that allegation is a legal

21  argument that requires no response.  Intervenors lack knowledge or information sufficient to

22  form a belief as to the truth of the domiciliary allegations in this paragraph and therefore deny.

23  Intervenors admit that the listed individuals are members of the Washington State Building Code

24

25  INTERVENORS' ANSWER IN INTERVENTION
26  CASE NO.  2:24-CV-00677-KKE                    - 2 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

1   Council, that the Council adopted the Energy Code in the state of Washington, and that

2   Plaintiffs' claims arise out of the Energy Code.

3         8.     As to the assertion of jurisdiction in this paragraph, that allegation is a legal

4   argument that requires no response.  Intervenors lack knowledge or information sufficient to

5   form a belief as to the truth of the domiciliary allegations in this paragraph and therefore deny.

6   Intervenors admit that the enforcement of the Code occurs in the state of Washington but deny

7   that the Attorney General possesses the duty to enforce the Code.

8         9.     As to the assertion of venue in this paragraph, that allegation is a legal argument

9   that requires no response.  As to the factual assertions as to the basis for venue, intervenors lack

10  knowledge or information sufficient to form a belief as to the truth of the allegations in this

11  paragraph and therefore deny.

12       10.    As to the assertion of venue in this paragraph, that allegation is a legal argument

13  that requires no response.  As to the factual assertions as to the basis for venue, intervenors lack

14  knowledge or information sufficient to form a belief as to the truth of the allegations in this

15  paragraph and therefore deny.

16                                      PARTIES

17       11.    Intervenors lack knowledge or information sufficient to form a belief as to the

18  truth of the allegations in the first two sentences of this paragraph and therefore deny.

19  Intervenors deny as speculative the factual assertions in the final sentence.

20       12.    Intervenors lack knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph and therefore deny.

22

23

24

25

26

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

13.     Intervenors admit the first sentence in this paragraph.  Intervenors lack knowledge or information sufficient to form a belief as to the truth of the second sentence and therefore deny.

14.     Intervenors admit the first sentence in this paragraph and deny the second and final sentences.  Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence and therefore deny.

15.     Intervenors admit the first sentence in this paragraph and deny the second sentence.

16.     Intervenors admit the allegations in the first two sentences of this paragraph and deny the last two sentences.

17.     Intervenors admit that Arlington 360, LLC is a Washington limited liability company.  Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first two sentences of this paragraph and therefore deny. Intervenors deny the final sentence.

18.     Intervenors admit the allegations in the first sentence of this paragraph and deny the second sentence.

19.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

20.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

21.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny.

22.     Denied.

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

23.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and therefore deny.  Intervenors deny the allegations in the final sentence.

24.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and therefore deny.  Intervenors deny the allegations in the final sentence.

25.     Intervenors admit the allegations in the first and second sentences of this paragraph.  Intervenors deny the allegations in the final sentence.

26.     Intervenors admit the allegations in the first sentence of this paragraph.  Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and fourth sentences and therefore deny.  Intervenors deny the remainder.

27.     Intervenors admit that the Washington and Northern Idaho District Council of Laborers is a labor union.  Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the first, second, and third sentences of this paragraph and therefore deny.  Intervenors deny the fourth and fifth sentences.

28.     Intervenors admit that Citizen Action Defense Fund is a Washington non-profit corporation that pursues market-oriented impact litigation.

29.     Intervenors admit that National Propane Gas Association is a national trade organization with members in the propane industry.  Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first and second sentences of this paragraph and therefore deny.  Intervenors deny the final sentence.

30.     Intervenors admit that Avista is a utility that supplies electricity to customers across four northwestern states, including Washington.  Intervenors lack knowledge or

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

1  information sufficient to form a belief as to the truth of the remaining allegations in this

2  paragraph and therefore deny.

3      31.    Intervenors admit that Cascade Natural Gas Corporation is a utility that provides

4  natural gas to customers in Washington State.  Intervenors lack knowledge or information

5  sufficient to form a belief as to the truth of the remaining allegations in this paragraph and

6  therefore deny.

7      32.    Intervenors admit that Northwest Natural Gas Company is a utility that provides

8  natural gas to customers in Washington State.  Intervenors lack knowledge or information

9  sufficient to form a belief as to the truth of the remaining allegations in this paragraph and

10 therefore deny.

11     33.    Denied.

12     34.    Intervenors admit that the named individuals are members of the State Building

13 Code Council, that they adopted the Code, and that the Plaintiffs characterize their claims as

14 suing the members of the Council in their official capacities.

15     35.    Intervenors admit the identity of the Attorney General and that the Plaintiffs

16 characterize their claims as suing him in his official capacity.  Intervenors deny that the Attorney

17 General is responsible for the Code's enforcement.

18                                      RIPENESS

19     36.    The allegations in this paragraph are legal arguments that require no response.  To

20 the extent a response is required, Intervenors admit that Plaintiffs characterize their claims as a

21 facial challenge.

22     37.    Admitted.

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

FACTUAL ALLEGATIONS

38.    Denied.

39.    Admitted that in 2022 the Council adopted amendments to the Washington State Energy Code.  The remainder of the paragraph characterizes the Washington State Energy Code, which is the best evidence of its contents.  Intervenors deny any allegations contrary to the Code's plain language, meaning, and context.

40.    Admitted that the Council adopted amendments to the Commercial Provisions of the Energy Code on April 22, 2022, with an original effective date of July 1, 2023.  The remainder of this paragraph characterizes provisions in the Energy Code, which are the best evidence of their contents.  Intervenors deny any allegations contrary to the Code's plain language, meaning, and context.

41.    Admitted that the Council adopted amendments to the Residential Provisions of the Energy Code on November 11, 2022, with an original effective date of July 1, 2023.  The remainder of this paragraph characterizes provisions in the Energy Code, which are the best evidence of their contents.  Intervenors deny any allegations contrary to the Code's plain language, meaning, and context.

42.    This paragraph characterizes provisions in the Energy Code, which are the best evidence of their contents.  Intervenors deny any allegations contrary to the Code's plain language, meaning, and context.

43.    This paragraph characterizes provisions in the Energy Code, which are the best evidence of their contents.  Intervenors deny any allegations contrary to the Code's plain language, meaning, and context..

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

44. This paragraph characterizes provisions in the Energy Code, which are the best evidence of their contents. Intervenors deny any allegations contrary to the Code's plain language, meaning, and context.

45. This paragraph characterizes provisions in the Energy Code, which are the best evidence of their contents. Intervenors deny any allegations contrary to the Code's plain language, meaning, and context.

46. This paragraph characterizes provisions in the Energy Code, which are the best evidence of their contents. Intervenors deny any allegations contrary to the Code's plain language, meaning, and context.

47. Admitted that the effective date of the amendments was July 1, 2023. The remainder of this paragraph characterizes provisions in the Energy Code, which are the best evidence of their contents. Intervenors deny any allegations contrary to the Code's plain language, meaning, and context.

48. Denied.

49. The allegations in this paragraph are legal arguments that require no response. To the extent a response is required, Intervenors admit that the Ninth Circuit issued its opinion in *California Restaurant Association v. City of Berkeley*, 56 F.4th 1045 (9th Cir. 2023), on April 17, 2023, and later amended that opinion in *California Restaurant Association v. City of Berkeley*, 89 F.4th 1094 (9th Cir. 2024). The remainder of the paragraph characterizes published court decisions, which are the best evidence of their contents. Intervenors deny any allegations contrary to the plaint language, meaning, and context of those published court decisions.

50. Admitted.

51. Admitted.

INTERVENORS' ANSWER IN INTERVENTION
CASE NO. 2:24-CV-00677-KKE          - 8 -

1    52.    Admitted.

2    53.    This paragraph contains a legal conclusion to which no response is required.  To

3    the extent the paragraph contains factual allegations, they are denied.

4    54.    This paragraph contains a legal conclusion to which no response is required.  To

5    the extent the paragraph contains factual allegations, they are denied.

6    55.    Denied.

7    56.    Denied.

8    57.    Denied.

9    58.    Denied.

10    59.    Denied.

11    60.    Denied.

12    61.    Denied.

13    62.    Denied.

14    63.    The allegations in this paragraph are legal arguments that require no response.  To

15    the extent the paragraph contains factual allegations characterizing EPCA, that statute is the best

16    evidence of its contents.  Intervenors deny any allegations contrary to EPCA's plain language,

17    meaning, and context.

18    64.    The allegations in this paragraph are legal arguments that require no response.  To

19    the extent a response is required, Intervenors admit that one Senate Report ascribed these

20    purposes to the original EPCA.

21    65.    The allegations in this paragraph are legal arguments that require no response.  To

22    the extent a response is required, the paragraph characterizes amendments to EPCA, which are

23

24

25    INTERVENORS' ANSWER IN INTERVENTION
26    CASE NO.  2:24-CV-00677-KKE          - 9 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

the best evidence of their contents.  Intervenors deny any allegations contrary to the amendments' plain language, meaning, and context.

66.     The allegations in this paragraph are legal arguments that require no response.  To the extent a response is required, the paragraph characterizes provisions of EPCA and legislative history of the Act, which are the best evidence of their contents.  Intervenors deny any allegations contrary to the language, meaning, and context of the Act.

67.     The allegations in this paragraph are legal arguments that require no response.  To the extent a response is required, the paragraph characterizes EPCA, which is the best evidence of its contents.  Intervenors deny any allegations contrary to the Act's plain language, meaning, and context.

68.     The allegations in this paragraph are legal arguments that require no response. To the extent a response is required, Intervenors admit that the NEA was passed in 1978.  The remainder of the paragraph characterizes a statute and cites a law review article, which are the best evidence of their contents.  Intervenors deny any allegations contrary to the statute's plain language, meaning, and context.

69.     The allegations in this paragraph are legal arguments that require no response.  To the extent a response is required, Intervenors admit that Congress enacted the National Energy Conservation and Policy Act in 1978.  The remainder of the paragraph characterizes the statute, which is the best evidence of its contents, and Intervenors deny any allegations contrary to its plain language, meaning, and context.

70.     The allegations in this paragraph are legal arguments that require no response. To the extent a response is required, the paragraph cites a Senate Report, which is the best

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

evidence of its contents.  Intervenors deny any allegations contrary to NECPA's plain language, meaning, and context.

71.     The allegations in this paragraph are legal arguments that require no response.  To the extent a response is required, Intervenors admit that Congress enacted the National Appliance Energy Conservation Act in 1987.  The remainder of the paragraph characterizes a statute and cites a Senate Report, which are the best evidence of their contents.  Intervenors deny any allegations contrary to the statute's plain language, meaning, and context.

72.     The allegations in this paragraph are legal arguments that require no response.  To the extent a response is required, the paragraph characterizes a statute and cites a Senate Report, which are the best evidence of their contents.  Intervenors deny any allegations contrary to the statute's plain language, meaning, and context.

73.     The allegations in this paragraph are legal arguments that require no response.  To the extent a response is required, the paragraph characterizes a statute and quotes a Senate Report, which are the best evidence of their contents.  Intervenors deny any allegations contrary to the statute's plain language, meaning, and context.

74.     The allegations in this paragraph are legal arguments that require no response.  To the extent a response is required, the paragraph characterizes a statute and quotes a Senate Report, which are the best evidence of their contents.  Intervenors deny any allegations contrary to the statute's plain language, meaning, and context.

75.     The allegations in this paragraph are legal arguments that require no response.  To the extent a response is required, the paragraph characterizes a statute and cites a House Report, which are the best evidence of their contents.  Intervenors deny any allegations contrary to their plain language, meaning, and context.

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

76.     Intervenors admit that the Energy Policy Act of 1992 was enacted in 1992.  The remainder of the paragraph characterizes a statute, which is the best evidence of its contents. Intervenors deny any allegations contrary to its plain language, meaning, and context.

77.     The allegations in this paragraph are legal arguments that require no response.

78.     The allegations in this paragraph are legal arguments that require no response.  To the extent a response is required, the paragraph characterizes a statute, which is the best evidence of its contents.  Intervenors deny any allegations contrary to its plain language, meaning, and context.

79.     This paragraph characterizes a statute, which is the best evidence of its contents. Intervenors deny any allegations contrary to its plain language, meaning, and context.

80.     Intervenors admit that 42 U.S.C. § 6291(1) contains the quoted text.  Plaintiffs' characterization of the text is legal argument that requires no response.

81.     The allegations in this paragraph are ambiguous.  To the extent they are legal arguments, they require no response. To the extent they are intended to be factual allegations, Intervenors lack knowledge or information sufficient to form a belief as to their truth and so deny.

82.     Intervenors admit that 42 U.S.C. § 6297(c) contains the quoted text.

83.     Intervenors admit that 42 U.S.C. §§ 6291(3) and (4) contain the quoted text.

84.     The allegations in this paragraph are legal arguments that require no response.  To the extent the paragraph characterizes EPCA, the statute is the best evidence of its contents.

85.     The allegations in this paragraph are legal arguments that require no response.  To the extent the paragraph characterizes EPCA, the statute is the best evidence of its contents.

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

86. The allegations in this paragraph are ambiguous.  To the extent they are legal arguments, they require no response.  To the extent they are intended to be factual allegations, Intervenors lack knowledge or information sufficient to form a belief as to their truth and so deny.

87. Intervenors admit that 42 U.S.C. § 6316(b)(2)(A) contains the quoted text.  To the extent the paragraph characterizes EPCA, the statute is the best evidence of its contents.

88. Intervenors admit that 42 U.S.C. §§ 6311(3), (4), and (7) contain the quoted text.  To the extent this paragraph contains legal argument, no response is required.

89. Intervenors admit that 42 U.S.C. §§ 6311(2)(B) and 6311(2)(A) contain the quoted text.  To the extent the paragraph characterizes EPCA, the statute is the best evidence of its contents.

90. Denied.

91. Denied.

92. The paragraph characterizes provisions in the Energy Code, which are the best evidence of their contents.  Intervenors deny any allegations contrary to the Code's plain language, meaning, and context.

93. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of this paragraph and therefore deny.  Intervenors deny the remaining sentence.

94. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegation that Washington has not applied for a waiver from the Secretary of Energy.  Intervenors deny that Washington is ineligible for a waiver.  Intervenors admit that 42 U.S.C. § 6297(d)(4) contains the quoted text.

INTERVENORS' ANSWER IN INTERVENTION
CASE NO.  2:24-CV-00677-KKE          - 13 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

95.     This paragraph characterizes EPCA provisions, which are the best evidence of their contents.  Intervenors deny any allegations contrary to the statute's plain language, meaning, and context.

96.     The allegations in this paragraph are legal arguments that require no response.  To the extent one is required, Intervenors deny.  The paragraph characterizes EPCA and Energy Code provisions, which are the best evidence of their contents.

97.     The allegations in this paragraph are legal arguments that require no response.  To the extent one is required, Intervenors deny.

98.     This paragraph characterizes an EPCA provision, which is the best evidence of its contents.

99.     To the extent the paragraph is a legal argument, no response is required.  To the extent one is required, Intervenors deny.  The paragraph characterizes provisions of the Energy Code, which are the best evidence of their contents.  Intervenors deny any allegations contrary to the Code's plain language, meaning, and context.

100.    To the extent the paragraph is a legal argument, no response is required.  To the extent one is required, Intervenors deny.  The paragraph characterizes provisions of the Energy Code, which are the best evidence of their contents.  Intervenors deny any allegations contrary to the Code's plain language, meaning, and context.

101.    This paragraph characterizes EPCA provisions, which are the best evidence of their contents.  Intervenors deny any allegations contrary to the statute's plain language, meaning, and context.

102.    To the extent this paragraph is a legal argument, no response is required.  To the extent one is required, Intervenors deny.  The paragraph characterizes provisions of the Energy

INTERVENORS' ANSWER IN INTERVENTION
CASE NO.  2:24-CV-00677-KKE                    - 14 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

1    Code, which are the best evidence of their contents.  Intervenors deny any allegations contrary to

2    the Code's plain language, meaning, and context.

3        103.    To the extent this paragraph is a legal argument, no response is required.  To the

4    extent one is required, Intervenors deny.  The paragraph characterizes provisions of the Energy

5    Code, which are the best evidence of their contents.  Intervenors deny any allegations contrary to

6    the Code's plain language, meaning, and context.

7        104.    To the extent this paragraph is a legal argument, no response is required.  To the

8    extent one is required, Intervenors deny.  The paragraph characterizes provisions of the Energy

9    Code, which are the best evidence of their contents.  Intervenors deny any allegations contrary to

10   the Code's plain language, meaning, and context.

11       105.    To the extent this paragraph is a legal argument, no response is required.  To the

12   extent one is required, Intervenors deny.  The paragraph characterizes provisions of the Energy

13   Code, which are the best evidence of their contents.  Intervenors deny any allegations contrary to

14   the Code's plain language, meaning, and context.

15       106.    To the extent this paragraph is a legal argument, no response is required.  To the

16   extent one is required, Intervenors deny.  The paragraph characterizes provisions of the Energy

17   Code, which are the best evidence of their contents.  Intervenors deny any allegations contrary to

18   the Code's plain language, meaning, and context.

19       107.    To the extent this paragraph is a legal argument, no response is required.  To the

20   extent one is required, Intervenors deny.  The paragraph characterizes provisions of the Energy

21   Code and a court decision, which are the best evidence of their contents.  Intervenors deny any

22   allegations contrary to the plain language, meaning, and context of the Code and the court

23   decision.

24

25   INTERVENORS' ANSWER IN INTERVENTION
     CASE NO.  2:24-CV-00677-KKE                - 15 -

26

108.     This paragraph characterizes provisions of the Energy Code, which are the best evidence of their contents.  Intervenors deny any allegations contrary to the Code's plain language, meaning, and context.

109.     To the extent the paragraph is a legal argument, no response is required. To the extent one is required, Intervenors deny.

110.     The allegations in this paragraph are legal arguments that require no response.  To the extent one is required, the paragraph characterizes provisions of the Energy Code, which are the best evidence of their contents.  Intervenors deny any allegations contrary to the Code's plain language, meaning, and context.

111.     The allegations in this paragraph are legal arguments that require no response.  To the extent one is required, the paragraph characterizes provisions of the Energy Code, which are the best evidence of their contents.  Intervenors deny any allegations contrary to the Code's plain language, meaning, and context.

112.     The allegations in this paragraph are legal arguments that require no response.  To the extent one is required, the paragraph characterizes provisions of the Energy Code, which are the best evidence of their contents.  Intervenors deny any allegations contrary to the Code's plain language, meaning, and context.

113.     The allegations in this paragraph are legal arguments that require no response.  To the extent one is required, the paragraph quotes a court decision, which is the best evidence of its contents.  Intervenors deny any allegations contrary to the decision's plain language, meaning, and context.

114.     The allegations in this paragraph are legal arguments that require no response.  To the extent one is required, Intervenors deny.

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

CAUSE OF ACTION

COUNT ONE: FEDERAL PREEMPTION BY THE ENERGY POLICY AND
CONSERVATION ACT

115.    Intervenors incorporate by reference their responses to the preceding paragraphs.

116.    Denied.

117.    Intervenors lack knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    The allegations in this paragraph are legal arguments that require no response.

124.    This paragraph characterizes the relief Plaintiffs seek, to which no response is

required.  To the extent a response is required, Intervenors deny that Plaintiffs are entitled to any

relief at all.

PRAYER FOR RELIEF

Intervenors deny any allegation that is not specifically admitted in this proposed Answer

and deny that Plaintiffs are entitled to any relief whatsoever, including the relief requested in its

Amended Complaint.

AFFIRMATIVE DEFENSES

1.    This Court lacks jurisdiction to hear some or all of plaintiffs' claims.

2.    Some or all of plaintiffs' claims fail to state a claim for which relief can be

granted.

INTERVENORS' ANSWER IN INTERVENTION
CASE NO.  2:24-CV-00677-KKE                    - 17 -

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

1      WHEREFORE, Intervenors respectfully request that the Court dismiss the Amended

2  Complaint with prejudice, enter judgment in favor of Intervenors, and grant such relief as the

3  Court deems just and proper.

4      DATED this 27th day of June, 2024.

5

6                                              /s/ Jan E. Hasselman
                                               JAN E. HASSELMAN, WSBA No. 29107
7                                              NOELIA GRAVOTTA, WSBA No. 60089
                                               Earthjustice
8                                              810 Third Avenue, Suite 610
                                               Seattle, WA 98104-1711
9                                              (206) 343-7340 | Phone
                                               (206) 343-1526 | Fax
10                                             jhasselman@earthjustice.org
                                               ngravotta@earthjustice.org
11
                                               Attorneys for Proposed Intervenors Climate
12                                             Solutions, The Lands Council, Sierra Club, and
                                               Washington Physicians for Social Responsibility

13

14

15

16

17

18

19

20

21

22

23

24

25
INTERVENORS' ANSWER IN INTERVENTION
26  CASE NO.  2:24-CV-00677-KKE          - 18 -