UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMON RIVIERA, et al., | CASE NO. C24-0677-KKE |
| Plaintiff(s), | ORDER GRANTING UNOPPOSED MOTION TO INTERVENE |
| v. | |
| KJELL ANDERSON, et al., | |
| Defendant(s). | |

In May 2024, Plaintiffs (a group of homeowners, builders, entities representing the interests of builders and citizens, public utilities, and labor unions with members who work in the building industry) filed this lawsuit against Defendants, who are the members of the Washington State Building Code Council (the Washington state agency that adopted and recently revised the Washington State Energy Code) and Washington State Attorney General Bob Ferguson (who, in his official capacity, enforces the Energy Code). Dkt. No. 1 at 1–8. Plaintiffs' complaint alleges that the Energy Code is preempted by federal law, and they request a declaratory judgment that the Energy Code is therefore void and unenforceable and a permanent injunction enjoining its effectiveness. *Id*. at 25.

Several organizations that are "deeply involved in building efficiency and electrification issues" now seek to intervene, either as a matter of right or permissively, in this lawsuit. Dkt. No. 34. The proposed intervenors represent that Defendant Washington State Building Code Council

ORDER GRANTING UNOPPOSED MOTION TO INTERVENE - 1

supports the motion (*id*. at 2), and Plaintiffs filed a statement explaining that they do not take a position on whether the proposed intervenors should be allowed to intervene. *See* Dkt. No. 41. Because the proposed intervenors have satisfied the requirements for intervention as a matter of right, the Court will grant their motion to intervene and need not address their alternative arguments regarding permissive intervention.

## I. ANALYSIS

An applicant seeking to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) has the burden to show that four requirements are met:

> (1) the intervention application is timely;
> (2) the applicant has a "significant protectable interest relating to the property or transaction that is the subject of the action";
> (3) "the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest"; and
> (4) "the existing parties may not adequately represent the applicant's interest."

*Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

In this case, as discussed above, no party opposed the motion for intervention. The motion and its accompanying declarations (Dkt. Nos. 34–38) indicate that the requirements for intervention have been met, for the following reasons.

First, the motion for intervention was filed early in this litigation, before any proceedings have occurred. Because the proposed intervenors did not delay in seeking intervention, and there is no suggestion from any party that the timing of the motion is prejudicial to them, the Court finds that the intervention application was timely filed.

The Court also finds that the proposed intervenors have shown that they have a "significant protectable interest" in the subject of this litigation. The proposed intervenors were involved in the rule-making process that led to the revision of the Energy Code, and their work is focused on

advocating for policies addressing climate change impacts by decarbonizing buildings. *See* Dkt. No. 34 at 6–7. The proposed intervenors' advocacy work would be impacted if Plaintiffs succeed in enjoining or overturning the Energy Code revisions. *Id*. at 7–8. Accordingly, the Court finds that proposed intervenors have also shown that their ability to protect their interest in the outcome of the litigation may be impeded by the disposition of this action. The second and third requirements for intervention as of right are satisfied.

Lastly, the proposed intervenors have shown that the existing parties may not adequately represent their interests, as their perspective is different than Defendants' position and adverse to Plaintiffs' position. The proposed intervenors note that in a previous lawsuit challenging an earlier version of the Energy Code filed in the United States District Court for the Eastern District of Washington (an action wherein they were permitted to intervene (Dkt. No. 34 at 5)), Defendants raised significantly different arguments than the intervenors. *See id*. at 8–9 (referencing *Rivera v. Wash. State Bldg. Code Council*, No. 1:23-cv-03070-SAB (E.D. Wash. 2023)).

Accordingly, the proposed intervenors have satisfied the requirements for intervention as of right.

## II.   CONCLUSION

For these reasons, the Court GRANTS the motion to intervene. Dkt. No. 34. The clerk shall update the docket to list proposed intervenors Climate Solutions, The Lands Council, Sierra Club, and Washington Physicians for Social Responsibility as Defendants.

Dated this 23rd day of July, 2024.

Kymberly K. Evanson
United States District Judge