# EXHIBIT 1
# Declaration of Robb Koschalk

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMON RIVERA; CURTIS BANTA; YONKMAN CONSTRUCTION, INC.; PARAS HOMES, LLC; CONDRON HOMES, LLC; GARCO CONSTRUCTION, INC.; ARLINGTON 360, LLC; HUSEBY HOMES, INC.; SPOKANE HOME BUILDERS ASSOCIATION; WASHINGTON STATE ASSOCIATION OF UA PLUMBERS, PIPEFITTERS AND HVAC/R SERVICE TECHNICIANS; LOCAL 32 OF UA PLUMBERS, PIPEFITTERS AND HVAC/R SERVICE TECHNICIANS; WASHINGTON AND NORTHERN IDAHO DISTRICT COUNCIL OF LABORERS; CITIZEN ACTION DEFENSE FUND; NATIONAL PROPANE GAS ASSOCIATION; AVISTA CORPORATION; CASCADE NATURAL GAS CORPORATION; and NORTHWEST NATURAL GAS COMPANY,<br><br>                  Plaintiffs,<br><br>  v.<br><br>KJELL ANDERSON, JAY ARNOLD, TODD BEYREUTHER, JUSTIN BOURGAULT, DAIMON DOYLE, TOM HANDY, ANGELA HAUPT, ROGER HEERINGA, MATTHEW HEPNER, CRAIG HOLT, TYE MENSER, BENJAMIN OMURA, PETER RIEKE, KATY SHEEHAN, in their official capacities as Washington State Building Code Council Members; and BOB FERGUSON, in his official capacity as Attorney General of Washington.<br><br>                  Defendants. | CASE NO. 2:24-cv-00677-KKE<br><br>**DECLARATION OF ROBB KOSCHALK** |

DECLARATION OF ROBB KOSCHALK

## **Declaration of Robb Koschalk**

1. I am a Gas Lead Construction Project Coordinator with Avista Corporation, d/b/a Avista Utilities ("Avista").

2. I have personal knowledge of the facts set out below, and I am competent to testify herein.

3. I am submitting this declaration because Sections C403.1.1, C403.1.4, C404.2.1, Table C407.2, C502.2.4, C502.2.5, C503.4.6, C503.5, R403.5.7, R403.13, Table R405.2(1), R503.1.2, R503.1.3, R502.3.2, and R502.3.3 ("Appliance Restrictions") of the Washington State Energy Code ban in many instances gas space and water heating appliances in residential and commercial buildings. As further explained in this declaration, these Appliance Restrictions have caused, and will continue to cause, Avista significant and irreparable harm.

4. By design, the Appliance Restrictions harm Avista through the direct and permanent loss of would-be customers and threatens to erode Avista's gas customer base through the permanent loss of new customers and existing customers over time.

5. At the outset, the Appliance Restrictions create a negative perception of our customers' and would-be customers' ability to use gas services, which will result in fewer people choosing to utilize gas services. We have already heard from people who don't understand how the Appliance Restrictions work and view them as a ban on natural gas appliances.

6. Avista has communicated with people who have said they would want gas service from Avista if not for the Appliance Restrictions. For example, Avista has experience with developers in Spokane County choosing not to extend natural gas service to new homes and developments due to the Appliance Restrictions taking effect. In multi-phase developments in which early phases

DECLARATION OF ROBB KOSCHALK

1  were built out with natural gas infrastructure, for example, developers have elected to forego

2  natural gas in additional phases because of the Appliance Restrictions.

3    7.  In addition, where the original developer has chosen not to install the backbone

4  infrastructure for natural gas because of the Appliance Restrictions, it will be cost-prohibitive for

5  a single customer to later extend the gas system to their home or commercial building. As a result,

6  customers who are forced, because of the Appliance Restrictions, to forego natural gas installation

7  in their home or commercial building will not be in a position to change that decision if this Court

8  later determines that those restrictions are invalid.

9    8.  The same problem exists with respect to the developers themselves.  As stated above, we

10  have already seen developers in Spokane County who have elected not to install the backbone

11  infrastructure of natural gas, either due to the Appliance Restrictions coming into effect or because

12  those restrictions create a negative perception of our would-be customers' ability to use gas

13  services. Once the infrastructure within those developments is completed, it is cost-prohibitive for

14  homeowners to later go in and retrofit the development with natural gas infrastructure.

15    9.  I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on August 29, 2024


Signed by:
5B568FAC7C5E44E...

Rob Koschalk
Gas Lead Construction Project Coordinator
Avista Corporation

DECLARATION OF ROBB KOSCHALK