The Honorable Kymberly K. Evanson

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JAMON RIVERA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KJELL ANDERSON, et al., <br><br> Defendants. | NO. 2:24-cv-00677-KKE <br><br> DEFENDANTS' SUPPLEMENTAL BRIEF ON THE IMPACT OF I-2066 ON THIS LITIGATION <br><br> NOTE ON MOTION CALENDAR: <br> DECEMBER 12, 2024 |

DEFENDANTS' SUPPLEMENTAL BRIEF
ON IMPACT OF I-2066 ON THIS
LITIGATION
NO. 2:24-cv-00677-KKE

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia. WA 98504-0111
(360) 709-6470

## I.  INTRODUCTION

Defendants submit this supplemental brief to address the impact of Initiative 2066 on (a) Defendants' pending motion to dismiss, and (b) any other issues presented in this case.

As to the motion to dismiss, I-2066 does not alter the legal analysis. This lawsuit was not appropriately brought in federal court and must be dismissed. Developments since I-2066's passage have reinforced this point. Plaintiffs attempted to avoid the jurisdictional bars of the Eleventh Amendment and Article III by arguing that local code officials cannot be the proper defendants because they have no "discretion." Yet following I-2066's passage, Plaintiffs' own representative association said the opposite—writing to local code officials explicitly urging them to use their discretion to waive the same Code requirements challenged here. Plaintiffs cannot have it both ways. Uncertainty as to how the Codes will be enforced by local officials, given the differing views on I-2066's legal impact, only underscores the lack of jurisdiction.

As to the case more generally: I-2066 does not, standing alone, moot this case. This is because I-2066 does not directly amend the challenged Energy Codes or specifically direct the State Building Code Council to make changes to the Codes. Instead, I-2066 provides (as most relevant here) that the Codes may not discourage the use of natural gas for heating or other purposes. However, I-2066 has prompted developments that may themselves render this litigation moot or otherwise significantly affect the nature of the merits arguments. First, the Council unanimously passed a resolution to assess what changes to the Codes may be necessary to comply with I-2066. This process may result in the Council engaging in rulemaking that substantively changes the Energy Codes. Second, state litigation filed due to I-2066's passage may result in a court order or orders that similarly alters the Codes. Thus, if the Court does not grant Defendants' motion to dismiss, Defendants will likely request that the Court exercise its inherent authority to stay the case based on these ongoing developments.

## II.  BACKGROUND ON I-2066 AND THE COUNCIL'S RESPONSE

I-2066 became effective on December 5, 2024. As relevant to this case, I-2066 amends

DEFENDANTS' SUPPLEMENTAL BRIEF ON IMPACT OF I-2066 ON THIS LITIGATION
NO. 2:24-cv-00677-KKE

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia. WA 98504-0111
(360) 709-6470

chapter 19.27A RCW, which governs the Washington State Commercial and Residential Energy Codes, to provide that the Codes "may not in any way prohibit, penalize, or discourage the use of gas for any form of heating, or for uses related to any appliance or equipment, in any building." Washington Initiative Measure 2066, § 6(3) (2024) (amending RCW 19.27A.020). I-2066 further provides that "[w]hen amending a code under this section, the state building code council shall not in any way prohibit, penalize, or discourage" the use of natural gas. *Id.* § 7(4) (amending RCW 19.27A.025); § 8(2) (amending RCW 19.27A.045).

I-2066 leaves in place existing statutory mandates, including that the Codes "be designed to . . . [c]onstruct increasingly energy efficient homes and buildings," *id.* § 6(2)(a); "[r]equire new buildings to meet a certain level of energy efficiency, but allow flexibility in building design, construction, and heating equipment efficiencies within that framework," *id.* § 6(2)(b); "increase the energy efficiency of typical newly constructed . . . buildings," *id.* § 7(1)(a); § 8(1); and "incrementally move towards achieving" a "seventy percent reduction in annual net energy consumption," RCW 19.27A.160(2).

The 2021 Energy Codes encourage the construction of energy efficient buildings, as statutorily mandated, including through use of electric heat pumps, water heaters, and other appliances. They do not require or prohibit the use of any particular type of appliance or energy source in new construction. WAC § 51-11R-40621; WAC § 51-11C-40620. Instead, the Codes provide multiple performance pathways for compliance, allowing continued use of natural gas while promoting the construction of increasingly efficient buildings. *Id.*

Shortly after it became clear that I-2066 would pass, the Council received a letter from the Building Industry Association of Washington (BIAW), a building construction industry group. Declaration of Dustin Curb in Support of Defendants' Supplemental Brief on Impact of I-2066 on This Litigation (Curb. Decl.), Ex. A. The letter stated BIAW's position that the 2021 Energy Codes will be invalid under I-2066 and threatened litigation if the Council did not take action to bring the codes into compliance with I-2066 by December 5, 2024. *Id.*

DEFENDANTS' SUPPLEMENTAL BRIEF ON IMPACT OF I-2066 ON THIS LITIGATION
NO. 2:24-cv-00677-KKE

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia. WA 98504-0111
(360) 709-6470

On November 22, 2024, the Council held a special meeting to discuss and vote on how to respond to I-2066. Curb Decl. ¶ 4. The Council unanimously passed a motion noting that the Council was endeavoring to comply with I-2066, as well as existing state and federal law, and stating the Council's intent to "achieve the complex and entangled goals with which we have been asked to comply, while minimizing uncertainty in regulation and disruption for the construction industry." Curb Decl., Ex. B. To that end, the motion directs the Council's Energy Code Technical Advisory Group (TAG) to continue with the ongoing process of amending the 2024 Energy Codes and to, if needed, bring off-cycle recommendations to update the 2021 Energy Codes. In particular, the TAG was directed to recommend rules that may be required to meet I-2066's requirement that the Codes not penalize, prohibit, or discourage natural gas, while continuing to (1) comply with the Energy Policy and Conservation Act; (2) meet existing state statutory requirements, including the requirement to incrementally increase energy efficiency with each update; and (3) not provide artificial advantage in meeting energy efficiency standards to natural-gas energy sources or appliances. Curb Decl., Ex. B. The Council directed Council staff to keep the 2021 Energy Code in effect until off-cycle rulemaking was complete or until otherwise directed by a court, and to communicate updates to local governments tasked with implementing and enforcing the Codes. *Id*. To this effect, a CR-101 preproposal notice of rulemaking will be filed. Curb Decl. ¶ 5.

### III.   ARGUMENT

***Motion to Dismiss***. I-2066's passage does not alter the legal analysis: Plaintiffs' federal lawsuit remains barred under the Eleventh Amendment and for lack of Article III standing. I-2066 has reinforced this conclusion by injecting uncertainty as to how the Codes will be enforced at the local level, given the differing views on its legal implications. As Defendants' motion maintained, this lawsuit does not fall into the narrow *Ex parte Young* exception to state sovereign immunity because state law confers enforcement authority over the Codes exclusively to local officials, who approve or deny building permit applications and prosecute violations. Dkt. # 48

DEFENDANTS' SUPPLEMENTAL BRIEF ON IMPACT OF I-2066 ON THIS LITIGATION
NO. 2:24-cv-00677-KKE

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

at pp. 9–13; Dkt. # 53 at pp. 3–6. For similar reasons, under Article III's traceability prong, any injury caused by actual or threatened enforcement of the Codes would be traceable to the local official with enforcement authority, not to Defendants. Dkt. # 48 at pp. 19–20; Dkt. # 53 at p. 9.

Plaintiffs attempted to avoid this conclusion by claiming that this authority is in name only and gives local officials "no discretion." Dkt. # 52 at pp. 11–18, 23–24. Yet, following I-2066's passage, BIAW—on behalf of its member businesses, including several of the plaintiffs here—sent letters to local building code officials describing the 2021 Energy Codes, specifically Section R406, as "unenforceable" in light of I-2066, and explicitly urging local officials to "use their discretion to waive" Code requirements. Declaration of Sarah Smith-Levy in Support of Defendants' Supplemental Brief on Impact of I-2066 on This Litigation (Smith-Levy Decl.) ¶ 3–4, Exs. A, B. BIAW pointed to specific Code sections granting local officials this discretionary authority. *Id*. And it separately wrote to county prosecutors and city attorneys asking for their assistance in ensuring local officials exercised this authority. Smith-Levy Decl. ¶ 5, Ex. C.

These letters, and the reality that they reflect, reinforce the jurisdictional bars here. Local officials are solely responsible for Code enforcement under Washington law, and thus Council members and the Washington State Attorney General do not fall under the narrow exception to state sovereign immunity set forth in *Ex parte Young*. And the uncertainty over whether and how local officials will enforce the Code requirements in conjunction with I-2066 reinforces both the speculative nature of Plaintiffs' claimed injuries, and that any such injuries would be traceable to local officials, not the Council members (or the Attorney General).

***Mootness***. I-2066 does not, standing alone, moot this litigation. "In general[,] a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Pub. Utilities Comm'n of State of Cal. v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982)) (cleaned up). Typically, courts have not found mootness when an agency begins rulemaking, even if such rulemaking would ultimately adopt the plaintiff's position.

DEFENDANTS' SUPPLEMENTAL BRIEF
ON IMPACT OF I-2066 ON THIS
LITIGATION
NO. 2:24-cv-00677-KKE

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia. WA 98504-0111
(360) 709-6470

*Vanscoter v. Sullivan*, 920 F.2d 1441, 1448 (9th Cir. 1990). This is because of "[t]he protracted nature of agency proceedings and the uncertainty as to whether and when the proposed regulation may be adopted." *Id*.

Here, I-2066 does not itself amend the Energy Codes or specifically direct any changes to the Codes. The Council has instructed the Energy Code TAG to continue its current work on the 2024 Energy Codes and to "bring forward off cycle recommendations . . . that may be required to meet the 2066 provision that gas not be penalized, prohibited or discouraged relative to other energy sources." Curb Decl., Ex. B. That process has just begun, and it is not yet clear what changes to the Codes, if any, the Council will adopt. Moreover, the 2021 Energy Codes will continue to be in effect until this process is complete or until a court orders otherwise. *See* Curb Decl., Ex. B. Thus, the passage of I-2066 itself has not mooted this action. *See, e.g.*, *Vanscoter*, 920 F.2d at 1448.

Further developments may render this case moot, however. These include potential amendments to the Codes via the off-cycle rulemaking process, and/or potential court orders in state court cases challenging the Codes based on I-2066's legal impact and, separately, challenging the constitutionality of I-2066.[1] These developments may result in substantive changes to the 2021 Energy Codes that could moot this litigation and, in any event, would substantially impact the merits arguments. Thus, if the Court denies Defendants' motion to dismiss, Defendants will likely request a stay of this case based on these circumstances. Such a stay would promote the orderly course of justice and, in preserving the status quo, would not harm Plaintiffs, who have not moved for preliminary relief despite the 2021 Energy Codes being in effect through the course of this litigation.

---

[1] BIAW has indicated its intent to bring litigation challenging the Codes under I-2066 (Curb Decl., Ex. A), and other groups are expected to imminently file a constitutional challenge to I-2066.

DEFENDANTS' SUPPLEMENTAL BRIEF ON IMPACT OF I-2066 ON THIS LITIGATION
NO. 2:24-cv-00677-KKE

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia. WA 98504-0111
(360) 709-6470

DATED this 6th day of December 2024.

ROBERT W. FERGUSON
Attorney General

*/s/ Sarah E. Smith-Levy*
R. JULY SIMPSON, WSBA #45869
WILLIAM MCGINTY, WSBA #41868
SARAH E. SMITH-LEVY, WSBA #55770
DIERK MEIERBACHTOL, WSBA #31010
Assistant Attorneys General
EMMA GRUNBERG, WSBA #54659
Deputy Solicitor General
July.Simpson@atg.wa.gov
William.McGinty@atg.wa.gov
Sarah.E.Smith-Levy@atg.wa.gov
Dierk.Meierbachtol@atg.wa.gov
Emma.Grunberg@atg.wa.gov
*Attorneys for Defendants*

DEFENDANTS' SUPPLEMENTAL BRIEF ON IMPACT OF I-2066 ON THIS LITIGATION
NO. 2:24-cv-00677-KKE

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia. WA 98504-0111
(360) 709-6470